**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


EDWIN RIVERA,                   :
                                :   Civil Action No. 09-4306 (DRD)
            Plaintiff,          :
                                :
                                :
        v.                      :
                                :
DR. WAHBA, et al.,              :
                                :
            Defendants.         :


                              - and -


EDWIN RIVERA,                   :
                                :   Civil Action No. 09-4307 (DRD)
            Plaintiff,          :
                                :
                                :
        v.                      :
                                :
DR. BABYLON,                    :
                                :
            Defendant.          :
```

**O P I N I O N**

**APPEARANCES:**

    EDWIN RIVERA, Plaintiff pro se
    #169235
    #4-G-2
    Passaic County Jail
    11 Sheriff Plaza
    Paterson, New Jersey 07501

**DEBEVOISE,** District Judge

    Plaintiff, Edwin Rivera, a state prisoner confined at the Passaic County Jail in Paterson, New Jersey, at the time he

submitted the above-captioned Complaints for filing, seeks to bring this action in forma pauperis. These actions were administratively terminated on September 8, 2009, because plaintiff did not pay the filing fee or submit a complete application to proceed *in forma pauperis* ("IFP"). On September 14, 2009 and September 18, 2009, plaintiff sought to re-open his cases, respectively, by submitting a complete IFP application with his six-month prison account statement. Plaintiff provides an affidavit of indigency and his inmate account statement.

    Preliminarily, this Court finds that the Complaints should be consolidated, pursuant to Fed.R.Civ.P. 42(a)(2), because the actions contain common questions of law and fact concerning plaintiff's medical care while incarcerated. Based on plaintiff's affidavit of indigency, and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's IFP application, pursuant to 28 U.S.C. § 1915(a) (1998), and order the Clerk of the Court to file the Complaints accordingly.

    At this time, the Court must review the Complaints, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such

relief. For the reasons set forth below, the Court concludes that the Complaints should proceed in part at this time.

## I.   BACKGROUND

Plaintiff, Edwin Rivera ("Rivera"), brings these civil actions, pursuant to 42 U.S.C. § 1983, against the following defendants: Dr. Wahba, RN Miller, RN Jackson, and RN Semen, all employed at the Passaic County Jail Medical Department, and Dr. Babylon of St. Joseph's Hospital. (Complaints, Caption and ¶ 6, Statement of Claims). The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Rivera's allegations.

Rivera states that, since December 29, 2008, Dr. Wahba has failed to give plaintiff proper medical attention. Specifically, Rivera complained about pain from his hernia on December 15, 2008, March 10, 2009, and July 10, 2009, and Dr. Wahba did nothing to care for plaintiff. Rivera also states that defendants, RN Miller and RN Jackson, refused plaintiff any medical attention when Rivera complained of "crucial pain of hernia" for over twelve (12) hours on December 12, 2008, and that defendant RN Semen refused plaintiff's medication on June 9, 2009. (See Complaint, ¶ 6, Statement of Claims, in Civil No. 09-4306 (DRD)).

Rivera further alleges that he went to St. Joseph's Hospital from September 2008 until December 2008 to have his stomach drained. At one point, he asked the surgeon, defendant Dr. Babylon, if the doctor could remove the shunt in plaintiff's neck because it was clogged and has been causing plaintiff pain and migraine headaches. Apparently, the shunt had been placed in Rivera's neck by Dr. Babylon about ten months or more before Rivera saw Dr. Babylon again in September or December 2008. Dr. Babylon allegedly told plaintiff that he would remove the shunt, but he never did. (See Complaint at ¶¶ 4(b) and 6 in Civil No. 09-4307 (DRD)).

Rivera does not expressly ask for any monetary damages, but he does ask the Court to proceed with the matter.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte

screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because Plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Recently, the Supreme Court refined the standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The issue before the Supreme

Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  Id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed.R.Civ.P. 8(d).

>   "show[n]"–"that the pleader is entitled to relief."  Fed.
>   Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

>   a court considering a motion to dismiss can choose to begin
>   by identifying pleadings that, because they are no more than
>   conclusions, are not entitled to the assumption of truth.
>   While legal conclusions can provide the framework of a
>   complaint, they must be supported by factual allegations.
>   When there are well-pleaded factual allegations, a court
>   should assume their veracity and then determine whether they
>   plausible give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, ___ F.3d ___, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that

---

[2] In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Id., 355 U.S. at 45-46.  Under this "no set of facts" standard, a complaint could effectively survive a motion

applied to federal complaints before Twombly. Fowler, 2009 WL 2501662, *5. The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" Iqbal, [129 S.Ct. at 1949-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 2009 WL 2501662, *5.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

---

to dismiss so long as it contained a bare recitation of the claim's legal elements.

III.  SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.  ANALYSIS

A.  Denial of Medical Care Claim

It appears that plaintiff is a pretrial detainee presently confined at the Passaic County Jail.  For pretrial detainees, denial of medical care claims are considered under the due process clause of the Fourteenth Amendment, rather than the Eighth Amendment.  See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 243-45 (1983)(holding that the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, controls the issue of whether prison officials

must provide medical care to those confined in jail awaiting trial); Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005); Fuentes v. Wagner, 206 F.3d 335, 341 n.9 (3d Cir.), cert. denied, 531 U.S. 821 (2000); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 n.31 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).  See also Montgomery v. Ray, 145 Fed. Appx. 738, 740, 2005 WL 1995084 (3d Cir. 2005)(unpubl.)("the proper standard for examining such claims is the standard set forth in Bell v. Wolfish, ...; *i.e.* whether the conditions of confinement (or here, inadequate medical treatment) amounted to punishment prior to adjudication of  guilt....") (citing Hubbard, 399 F.3d at 158).  In Hubbard, the Third Circuit clarified that the Eighth Amendment standard only acts as a floor for due process inquiries into medical and non-medical conditions of pretrial detainees.  399 F.3d at 165-67.

Here, it appears that plaintiff is alleging that he was denied proper medical care when Dr. Wahba failed to treat him for his medical complaints, when Nurse Miller and Nurse Jackson refused to give plaintiff medical attention for his complaints of hernia pain for twelve hours, and when Nurse Semen refused to give plaintiff his medication on June 9, 2009.  Rivera's allegations suggest that the refusal to treat him was not based on any medical justification.  Thus, accepting these allegations as true at this preliminary screening stage, as this Court is required to do, Rivera may be able to support a claim that the

defendants' inaction and apparent refusal to treat him may have been excessive in relation to any stated purpose of jail security and administration, and a court may infer that it is intended as punishment and retaliation.  See Hubbard v. Taylor, 399 F.3d 150, 158-63 (3d Cir. 2005); Newkirk v. Sheers, 834 F. Supp. 772, 781 (E.D.Pa. 1993).  Accordingly, this claim against Dr. Wahba and Nurses Miller, Jackson and Semen, will be allowed to proceed at this time.[3]

Rivera also alleges that Dr. Babylon, a surgeon at St. Joseph's Hospital has denied him medical care because he has not removed a shunt from plaintiff's neck, which Rivera states is now clogged and causing him to have migraine headaches.  Rivera alleges that he spoke to Dr. Wahba about the situation and Dr. Wahba had told plaintiff that Dr. Babylon would not do the procedure.

Under these circumstances, where it does not appear that Dr. Babylon is contracted to work for the Passaic County Jail Medical Department, Rivera has not demonstrated that any refusal by Dr. Babylon to remove the shunt was excessive in relation to any stated purpose of jail security and administration.  As Dr. Babylon is not employed or contracted by the Passaic County Jail

---

[3] The Court notes that Rivera did not name the nurse defendants in the caption of his Complaint, but he did make specific allegations of wrongdoing by these nurse defendants in the body of his Complaint.  Therefore, the Court will direct that the Clerk of the Court add these defendants to the caption on the docket.

to treat or manage plaintiff's medical care, but rather is a surgeon employed at St. Joseph's Hospital, the Complaint must be dismissed against Dr. Babylon because he is not a state actor subject to § 1983 liability.

To the extent that plaintiff can demonstrate that Dr. Babylon is indeed a state actor subject to § 1983 liability, the Court will allow Rivera the opportunity to amend his Complaint, pursuant to Fed.R.Civ.P. 15(a).[4]

---

[4] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.

12

13

V.   CONCLUSION

For the reasons set forth above, plaintiff's claims alleging a denial of medical care in violation of his Fourteenth Amendment rights will be allowed to proceed at this time against defendants, Dr. Wahba, Nurse Miller, Nurse Jackson and Nurse Semen.  However, plaintiff's claim against Dr. Babylon will be dismissed without prejudice, for failure to state a claim at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). An appropriate order follows.

                                             *s/Dickinson R. Debevoise*
                                             DICKINSON R. DEBEVOISE
                                             United States District Judge
Dated: November 30, 2009