```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY


EDWIN RIVERA,                  :
                               :   Civil Action No. 09-4306 (DRD)
           Plaintiff,          :
                               :
                               :
       v.                      :
                               :
DR. WAHBA, et al.,             :
                               :
           Defendants.         :


                       - and -


EDWIN RIVERA,                  :
                               :   Civil Action No. 09-4307 (DRD)
           Plaintiff,          :
                               :
                               :
       v.                      :
                               :
DR. BABYLON,                   :
                               :
           Defendant.          :
```

**O R D E R**

For the reasons expressed in the Court's Opinion filed herewith,

It is on this 30th day of November, 2009,

ORDERED that the Clerk of the Court is directed to RE-OPEN the above actions; and it is further

ORDERED that the Complaints filed by plaintiff under Civil Action Nos. 09-4306 (DRD) and 09-4307 (DRD) are hereby

consolidated pursuant to Fed.R.Civ.P. 42(a) because they involve common questions of law and fact; and it is further

ORDERED that the consolidated action shall proceed under Civil Action No. 09-4306 (DRD) and the Clerk is directed to close the file with respect to the second filed matter docketed as Civil Action No. 09-4307 (DRD); and it is further

ORDERED that plaintiff's applications to proceed in forma pauperis are GRANTED, and the Clerk of the Court is directed to file the Complaints accordingly without prepayment of the filing fee; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve a copy of this Order by regular mail on the Attorney General of the State of New Jersey and on the Warden or Administrator at the Passaic County Jail, where plaintiff currently is confined; and it is further

ORDERED that plaintiff is assessed a filing fee of $350.00 which shall be deducted from plaintiff's prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 fee is paid, each month that the amount in plaintiff's prison account exceeds $10.00, the agency having custody of plaintiff shall assess, deduct from his account, and forward to the Clerk payments equal to 20% of the preceding month's income

credited to plaintiff's prison account, with each payment referencing the civil docket number of this action; and it is further

ORDERED that plaintiff's denial of medical care claim asserted against defendant, Dr. Babylon, is DISMISSED WITHOUT PREJUDICE, for failure to state a claim upon which relief may be granted at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and it is further

ORDERED that plaintiff's denial of medical care claim as alleged against the remaining defendants, Dr. Wahba, RN Miller, RN Jackson, and RN Semen, SHALL PROCEED at this time; and it is further

ORDERED that the Clerk of the Court is directed to correct the docket to show the named defendants, RN Miller, RN Jackson, and RN Semen, in the caption; and it is further

ORDERED that the Clerk of the Court shall issue summons, and the United States Marshal shall serve a copy of the Complaint, summons, and this Order upon the remaining defendants, Dr. Wahba, RN Miller, RN Jackson, and RN Semen, pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

ORDERED that these remaining defendants shall each file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in Tabron v. Grace, 6 F.3d 454 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994), which sets forth the requirements for eligibility for appointment of pro bono counsel (in this regard, plaintiff is advised that such appointment is not automatic); and it is further

ORDERED that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is finally

ORDERED that, if at any time plaintiff seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address or, if the party is represented in this action by an attorney, upon the party's attorney at the attorney's address, and (2) file a Certificate of Service with plaintiff's Application for Pro Bono Counsel.

    *s/ Dickinson R. Debevoise*
DICKINSON R. DEBEVOISE
United States District Judge